NO. 07-01-0429-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 30, 2002

______________________________

BRUCE LEE WEFER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE COUNTY CRIMINAL COURT AT LAW NO. 3 OF HARRIS COUNTY;

NO. 1034841; HONORABLE DONALD W. JACKSON, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to a plea of nolo contendere, appellant Bruce Lee Wefer was convicted of the misdemeanor offense of driving while intoxicated and punishment was assessed at 180 days confinement, probated for one year, and a $300 fine.  Both the clerk’s record and reporter’s record have been filed.  On February 21, 2002, this Court granted counsel’s motion to withdraw together with a motion for extension of time in which to file appellant’s brief to Monday, April 22, 2002.  Appellant’s brief was not filed nor was a further motion for extension of time filed.  By letter dated May 15, 2002, appellant was notified of the defect and directed to explain by May 28, 2002, why the brief has not been filed.  Appellant did not respond.

By his motion to withdraw, counsel indicated that appellant had not satisfied his financial obligations pursuant to an attorney hiring agreement.  Counsel also informed appellant of his appellate deadlines.  This Court has not been notified whether appellant has retained new counsel or if he is proceeding 
pro se
.  Thus, we now abate the appeal and remand the cause pursuant to Rule 38.1(b)(2) and (3) of the Texas Rules of Appellate Procedure.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.   whether appellant desires to prosecute the appeal; and

whether appellant is indigent and entitled to appointed counsel;

The trial court shall cause the hearing to be transcribed.  Should it be determined that appellant desires to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel.  If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel.  Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record.  A supplemental record of the hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Monday, July 15, 2002.

It is so ordered.

Per Curiam

Do not publish.
 subject to further orders of the Court.    

It is so ordered.

Per Curiam